# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

Case No.    **CV 20-8530-JFW (ASx)**                                Date:  November 24, 2020

Title:      Matthew Elias -v- Spotify USA Inc., et al.

---

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Daisy Rojas**                                                            **None Present**
   **Courtroom Deputy**                                                **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING PLAINTIFF'S MOTION FOR REMAND TO THE LOS ANGELES SUPERIOR COURT [filed 10/19/2020; Docket No. 27]**

     On October 19, 2020, Plaintiff Matthew Elias ("Plaintiff") filed a Motion for Remand to the Los Angeles Superior Court ("Motion for Remand").  On October 26, 2020, Defendants The ExecuSearch Group, LLC ("Execu/Search") and Spotify USA Inc. ("Spotify") filed their respective Oppositions.  On October 26, 2020, Execu/Search also filed a Joinder in Spotify's Opposition. On November 2, 2020, Plaintiff filed his Reply.   Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's November 16, 2020 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

     A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

     Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See*

28 U.S.C. § 1332.

Although both Plaintiff and Defendant Courtney Holt are citizens of California, Defendants Spotify and Execu/Search argue that Courtney Holt has been fraudulently joined, and, thus, that his presence in this action should be ignored. "Although an action may be removed to federal court only where there is complete diversity of citizenship, . . . one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (quotations and citations omitted). If the plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the *settled* rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) (emphasis added). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. *See, e.g., Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). Indeed, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). A claim of fraudulent joinder should be denied if there is *any possibility* that the plaintiffs may prevail on the cause of action against the in state defendant. *See Plute*, 141 F. Supp. 2d at 1008. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a *possibility* that they may do so." *Lieberman v. Meshkin, Mazandarani*, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) (emphasis added).

Defendants are entitled to present facts beyond plaintiff's pleadings to demonstrate fraudulent joinder. *McCabe*, 811 F.2d at 1339; *see also Wilson Republic Iron & Steel Co.*, 257 U.S. at 97-99. It is well established that courts may resolve fraudulent joinder claims by "piercing the pleadings" and considering summary judgment-type evidence. *Morris*, 236 F.3d at 1068; *Ritchey v. Upjohn Drug Company*, 139 F.3d 1313, 1318 (9th Cir. 1998) (stating that "[t]he defendant seeking removal to federal court is entitled to present the facts showing the joinder to be fraudulent"); *West America Corp. v. Vaughan Basset Furniture*, 765 F.2d 932, 936 n. 6 (9th Cir. 1985) (in determining whether non-diverse defendant is "sham," district court may consider affidavits submitted by defendant in opposition to [the] motion to remand). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" *Plute*, 141 F. Supp. 2d at 1008 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992)). Moreover, any doubts concerning the sufficiency of a cause of action due to inartful, ambiguous, or technically defective pleading must be resolved in favor of remand. *See id.*

For the reasons stated in Spotify's and Execu/Search's Oppositions, the Court concludes that Courtney Holt was fraudulently joined and thus **DENIES** Plaintiff's Motion for Remand. The Court signs, as modified, Spotify's Proposed Statement of Decision lodged with the Court on November 4, 2020 [Docket No. 41-1].

IT IS SO ORDERED.